The testimony of the witnesses on behalf of the State is, in brief, that about midnight, appellant, in company with Willie Miller, was walking along the sidewalk, and having reached a point opposite a barber shop, they encountered *Page 250 
the deceased, whom appellant abused with profane epithets. No physical clash occurred at that point, however, and appellant and her escort resumed their walk. When they had gone a few feet, deceased overtook them, and, with his fists, assaulted Miller from his back. Miller at once turned upon the deceased, his assailant, and a fight ensued, when almost immediately appellant rushed into the fray and stabbed the deceased, thus ending the encounter. They say that Miller was unarmed, and, particularly, that he had no knife. There is no testimony that these events occurred as the result of any preconcerted design. Appellant's part in it was, according to the State's evidence, that she abused the deceased, thence went on her way, and when the fight subsequently occurred she hurried into it, stabbing the deceased as she did so, and immediately thereafter left the scene.
The testimony of the defendant's witnesses, of whom there were several, is that the original quarrel was between the deceased and Miller, and they agree with the State's witnesses that no physical encounter happened at that time. Defendant's witnesses say that when appellant and her escort had passed on beyond the point where the quarrel occurred, the deceased soon followed them and struck Miller from behind with a brick, whereupon Miller turned and entered upon a fight with deceased in the course of which and within a few moments Miller stabbed the deceased, causing his death. These witnesses say that appellant had no knife, that she took no part in the fight whatever, was some feet away throughout it, and did or said nothing except to call on those near to come and separate the parties. All the witnesses agree that the deceased was unarmed after he had thrown the brick.
The following instruction was granted at the request of the State: "The Court instructs the jury for the State that if you believe from all the evidence in this case *Page 251 
beyond a reasonable doubt that Willie Miller did wilfully, unlawfully and feloniously kill and slay Anderson Thomas, at a time when he, the said Willie Miller, was in no danger, real or apparent, of losing his own life or of suffering some great bodily harm at the hands of the said Anderson Thomas, and that the defendant, Myrtis Washington, was present aiding and assisting the said Willie Miller, then the defendant, Myrtis Washington, is guilty of manslaughter and it is your sworn duty to so find."
Viewed in the abstract, the instruction may be correct in point of law, but an instruction such as this must be given with caution and only when there is substantial testimony in the record to support it throughout, both in theory and in fact. One or the other of these parties stabbed the deceased, not both of them. If appellant did it, the above instruction disappears from the picture. But if Miller did the stabbing — and the jury so far as we can know may have so concluded — then the instruction is erroneous, as having nothing substantial in the evidence upon which to base the remaining part of the instruction, to-wit, that appellant aided or assisted him in so doing.
As already indicated, every witness who said that appellant did the stabbing presents her as the only deadly actor therein, while Miller was simply a participant in a fist fight in response to an assault and battery made upon him by deceased with his fist, the deceased being the aggressor therein; and every witness whose testimony supported the issue that Miller did the stabbing said that appellant had nothing whatever to do with the fight. Appellant could not be convicted merely because she was present, or because she began the quarrel, when thereafter she committed no belligerent act in the subsequent fight and said nothing during its progress in encouragement thereof.
The State contends, nevertheless, that the instruction *Page 252 
may be supported upon the hypothesis that the jury may have believed, and did believe and accept, so much of the State's evidence as placed appellant in the combat as an actual aggressive participant, and at the same time may have accepted that part of the testimony of the defendant's witnesses that she was unarmed and that Miller alone did the stabbing. If the record of the testimony would reasonably permit the entertainment of any such hypothesis, we might concur in that argument; but upon the precise facts of this record, the argument, while ingenious, does not furnish a sufficiently safe ground upon which we could confidently stand in upholding this verdict and judgment.
As applied to this case, the instruction is erroneous, and is harmful in that it may have misled the jury.
Reversed and remanded.